# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs January 8, 2013

## VERSHAWN MCCOY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 08-00659    John Fowlkes, Jr., Judge**

---

**No.  W2012-00609-CCA-R3-PC  -  Filed June 25, 2013**

---

Petitioner, Vershawn McCoy, was convicted by a Shelby County jury for second degree murder.  The trial court sentenced him to a twenty-year sentence to be served at 100%.  He unsuccessfully appealed to this Court.  *State v. Vershawn McCoy*, No. W2009-01222-CCA-R3-CD, 2010 WL 4540076 (Tenn. Crim. App., at Jackson, Nov. 9, 2010).  Subsequently, he filed a petition for post-conviction relief arguing that he was afforded ineffective assistance of counsel.  The post-conviction court denied the petition after an evidentiary hearing.  Petitioner now appeals the denial of his petition.  After a thorough review of the record, we conclude that Petitioner has been unable to prove either deficient performance on the part of trial counsel, or prejudice even if deficient performance had been found.  Therefore, we affirm the denial of the petition.

 **Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Robert C. Brooks, Memphis, Tennessee, for the appellant, Vershawn McCoy.

Robert E. Cooper, Jr., Attorney General and Reporter, David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General, and Jose Leon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

On October 21, 2007, Lee M. Davis, the victim, was shot multiple times resulting in his death.  *Vershawn McCoy*, 2010 WL 4540076, at *1.  A witness testified that prior to the

evening of the shooting Petitioner and the victim did not get along. The evening of the shooting, Petitioner and his girlfriend had an argument, and Petitioner hit her. *Id.* at *2. The victim confronted Petitioner about hitting the young lady, and each of the men grabbed her by her shirt. She got away and ran until she heard gunshots. *Id.* Witnesses testified that they saw Petitioner shoot the victim multiple times after the victim had fallen to the ground. A jury convicted Petitioner of second degree murder as a result. *Id.* at *3. The trial court sentenced Petitioner to twenty years to be served at 100%. *Id.* at *1.

Petitioner appealed his conviction to this Court. *Id.* On appeal, Petitioner argued "that the trial court erred by declining to give a supplemental jury instruction in response to the jury's question about the definition of 'state of passion.'" *Id.* at *3. Because Petitioner had failed to object at trial, this Court elected to analyze this issue under the plain error rule. This Court concluded that Petitioner could not be successful on appeal because the trial court's failure to give a supplemental jury instruction "did not change the outcome of the trial." *Id.* at *6.

Subsequently, Petitioner filed a petition for post-conviction relief on June 5, 2011. In this petition, Petitioner argued that he received ineffective assistance of counsel because trial counsel failed to request a supplemental jury instruction in response to the jury's question about the definition of "state of passion."

On September 8, 2011, the post-conviction court held an evidentiary hearing. Trial counsel was the sole witness at the hearing. He testified that when the jury requested an additional definition for "state of passion" he did not request a supplemental instruction or object to the trial court's decision to not give a supplemental instruction. Trial counsel stated that when he discovered that the jury was asking about the definition of "state of passion," he believed that the jury was addressing each charge sequentially and had already acquitted Petitioner of second degree murder and was looking at voluntary manslaughter. Trial counsel chose not to ask for a supplemental instruction because he believed that the jury would not be able to agree on the definition of "state of passion" and, therefore, the jury would not be able to come to a unanimous verdict. Trial counsel believed that the question indicated that the jury was confused and that the jury's confusion about the definition of "state of passion" was to Petitioner's benefit. Trial counsel also stated that if faced with the same situation he would make the same decision.

On February 17, 2012, the post-conviction court filed an order denying the petition. The post-conviction court determined that trial counsel had made a "sound strategic decision in this case based on the evidence adduced at trial and his extensive trial experience." Furthermore, the trial court determined that Petitioner's argument that the trial court was

required to give a supplemental instruction as to the definition of "state of passion" was not supported by law.

Petitioner argues that the post-conviction court erred in denying his petition.

## ANALYSIS

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

### Ineffective Assistance of Counsel

Petitioner argues on appeal that he was afforded ineffective assistance of counsel when trial counsel did not request a supplemental instruction as to the definition of "state of passion" or object when the trial court decided not to give a supplemental instruction. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record

preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the case at hand, we agree with the post-conviction court's determination that trial counsel's decision not to request a supplemental instruction or object to the trial court's decision not to give a supplemental instruction was a tactical decision. At the hearing, trial counsel set out the basis for his decision. We conclude that this decision was made after adequate preparation. As stated above, this Court cannot second-guess a reasonably-based trial strategy. *Adkins*, 911 S.W.2d at 347. Therefore, Petitioner cannot prove that this decision constituted deficient performance.

Furthermore, Petitioner cannot prove prejudice. On direct appeal to this Court, Petitioner based his appeal on the trial court's failure to give a supplemental instruction. *Vershawn McCoy*, 2010 WL 4540076, at *1. Because there was no objection at trial and the issue was not raised in the motion for new trial, this Court was confined to determining whether to address the issue under the plain error rule. This Court stated the following:

> Consideration of the issue is not necessary to do substantial justice because a substantial right of the Defendant has not been adversely affected. This Court should only reverse the judgment of a trial court if the " 'plain error' . . . [is] of such a great magnitude that it probably changed the outcome of the trial" and undermined the "fundamental fairness of the trial." [*State v.*] *Adkisson*, 899 S.W.2d [626,] 64 [(Tenn. Crim. App. 1994]. When reviewing the evidence presented against the Defendant, it is clear that the trial court's failure to further define "state of passion" probably did not change the outcome of the trial. The evidence proved that the Defendant and the victim were at Virgil's trailer with Bailey and Slighton on the night before the murder. The Defendant was upset with the victim because the victim was attempting to take over his businesses of selling drugs and managing

-4-

prostitutes. At some point that evening, Clardy went to purchase drugs from the Defendant on credit, and, while there, Bailey told her that something was getting ready to "go down." Clardy then heard an argument between the Defendant and the victim over drugs and prostitutes. Slighton testified that the Defendant and the victim engaged in a physical confrontation over the Defendant hitting her, she ran away, and stopped when she heard gunshots. Slighton said she turned around and saw the victim fall and the Defendant point a gun at the victim. She then heard another gunshot and ran away again. Clardy and Armour both saw the Defendant shoot the victim. This evidence overwhelmingly supports the jury's convicting the Defendant of second degree murder, and substantial justice does not mandate our plain error review. The Defendant is not entitled to relief.

*Id.* at *6.

This Court has already determined that a supplemental jury instruction was not necessary to do substantial justice because even if such an instruction had been given, it would not have changed the outcome of the trial. In order to demonstrate prejudice for purposes of post-conviction relief, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. This is a very similar standard to the plain error standard that the error must have "probably changed the outcome of the trial." *Adkisson*, 899 S.W.2d at 642. As on direct appeal, we conclude that the failure to request the instruction would not have resulted in a different outcome because this Court has previously determined that the evidence supported the conviction of second degree murder.

Just as this Court determined that a supplemental instruction was not necessary to do substantial justice, we now conclude that Petitioner has not shown that the outcome would have been different had the supplemental instruction been given. Therefore, Petitioner has been unable to demonstrate that he has been prejudiced even if trial counsel's performance was deemed deficient. To be successful on an ineffective assistance of counsel claim, Petitioner must prove both prongs. *Henley*, 960 S.W.2d at 580. Therefore, this issue is without merit.

## CONCLUSION

For the forgoing reasons, we affirm the post-conviction court's denial of the petition.


_____
JERRY L. SMITH, JUDGE